**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LUIS MORALES<br>7841 Ridge Ave, Apt 227A<br>Philadelphia, PA 19128 | : | |
| | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | No.: |
| | : | |
| v. | : | |
| | : | |
| CHAES FOOD, LLC | : | **JURY TRIAL DEMANDED** |
| 2100 N American St | : | |
| Philadelphia, PA 19122 | : | |
| | : | |
| Defendant. | : | |
| | : | |

**<u>CIVIL ACTION COMPLAINT</u>**

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

**<u>INTRODUCTION</u>**

1.      This action has been initiated by Luis Morales (hereinafter referred to as "Plaintiff")

against Chaes Food, LLC (hereinafter referred to as "Defendant") for violations of the Americans

with Disabilities Act ("ADA" -42 USC §§ 12101 *et. seq.*), the Philadelphia Fair Practices

Ordinance ("PFPO")[1], and Pennsylvania common law. Plaintiff was subjected to an unlawful

hostile work environment and terminated by Defendant for discriminatory and retaliatory reasons,

and he suffered damages more fully described/sought herein.

---

[1] Plaintiff will seek leave to amend the instant lawsuit to add claims under the PFPO once such claims administratively exhausted. Plaintiff was however required to initiate this lawsuit under the ADA pursuant to a right-to-sue letter issued by the EEOC prior to such PFPO exhaustion. Plaintiff's PFPO claims will mirror identically his ADA claims (with the exception of certain available and/or capped damages).

**JURISDICTION AND VENUE**

2.     This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3.     This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.     Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5.     Plaintiff is proceeding herein under ADA and has properly exhausted his administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

**PARTIES**

6.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.     Plaintiff is an adult individual, with an address as set forth in the caption.

8.     Defendant is a corporation that distributes fresh pork, poultry, and beef, as well as frozen goods mainly to restaurants, wholesalers and grocery stores.

2

9. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff was hired by Defendant on or about October 9, 2023.

12. At all times during his employment with Defendant, Plaintiff held the position of warehouse laborer/delivery driver.

13. While employed with Defendant, Plaintiff was supervised by Senior Shift Supervisor, Rob Rosado ("Rosado") and Senior Shift Supervisor, Dave Acevedo ("Acevedo"). However, Plaintiff primarily reported to Rosado.

14. During his period of employment with Defendant, Plaintiff was a hardworking and dedicated employee, and he did not have a history of progressive discipline before his unlawful termination on or about July 22, 2025 (discussed further *infra*).

15. On or about May 20, 2025, Plaintiff injured his knee while performing work for Defendant and immediately reported the injury to Rosado.

16. Despite the aforesaid work-related injury, Plaintiff continued to perform his job duties for the remainder of his shift but continued to experience pain that did not subside throughout the day.

17. Because of the persistent pain from his work-related injury, Plaintiff requested one day off to see a doctor.

18.    To make this request, Plaintiff filled out a time-off request slip, provided it to Rosado, and Rosado then transmitted it to Song.

19.    The next day, May 21, 2025, Plaintiff saw his Primary Care Physician ("PCP") about the on-the-job injury.

20.    Plaintiff's PCP determined that an MRI would be required to properly diagnose the injury and recommended that the Plaintiff file a claim for workers' compensation ("WC") with Defendant.

21.    As soon as Plaintiff returned to work on or about May 22, 2025, he approached Rosado about filing a WC claim. However, Rosado failed to provide Plaintiff with any information.

22.    On the same day, May 22, 2025, when Rosado failed to assist Plaintiff in any capacity with filing a WC claim, Plaintiff approached the CEO, Charlie Song ("Song").

23.    Song informed Plaintiff that he would give him more information on filing a WC claim.

24.    Plaintiff was off on the next day, May 23, 2025, and waited until May 24, 2025, to hear back from Song, who did not respond.

25.    Plaintiff had another day off on May 25, 2025, and returned to work on May 26, 2026.

26.    On May 26, 2025, Song informed Plaintiff that he had also notified Defendant's owner, Tony Chae ("Chae") of the Plaintiff's injury and Plaintiff's intent to file a WC claim.

27.    Song informed Plaintiff that Chae objected to Plaintiff filing a WC claim.

28.    Plaintiff was never provided with any further information regarding WC, and his work injury was dismissed.

29.     Despite the lack of support from management, Plaintiff continued work as usual, completing all of his normal duties (while still experiencing extreme pain in his knee), and sought medical treatment in the form of physical therapy at his own expense.

30.     On June 11, 2025, Plaintiff had an MRI done on his injured knee.

31.     Approximately seven days later, on June 18, 2025, Plaintiff's PCP informed Plaintiff that the injury was a torn meniscus that would require surgery.

32.     Plaintiff's PCP estimated that the recovery period for the aforesaid surgery would be approximately 6-12 weeks.

33.     Plaintiff informed Rosado of the results of the MRI and the need for surgery, as well as time off to recover from the same.

34.     However, Rosado continued to be dismissive and demeaning towards Plaintiff's disability/injury, even going so far as to state that he believed Plaintiff was faking the injury.

35.     Rosado persisted in the rhetoric that Plaintiff's injury was fake even after Plaintiff provided him with his MRI results and explained what his doctor's treatment plan was for him.

36.     In the weeks leading up to Plaintiff's eventual unlawful termination, Song approached Plaintiff almost every day to ask him about his disability/injury.

37.     Plaintiff repeatedly told Song that (1) he was treating his disability/injury; (2) he would require surgery in the near future; and (3) the surgery would require an approximate 6-12 week recovery period.

38.     Song responded one day by asking how Plaintiff was paying for his treatment, to which Plaintiff informed Song that he was paying out of his own pocket.

39.     Song responded by stating that if Plaintiff filed a WC claim, it would hurt both the company and Plaintiff.

40.     Despite Song's aforesaid threat, Plaintiff filed a WC claim on or about July 3, 2025.

41.     On or about July 22, 2025, less than three weeks after filing a WC claim, Defendant unlawfully terminated Plaintiff through Acevedo, who pulled Plaintiff aside after he had clocked in for the day.

42.     Acevedo informed Plaintiff on July 22, 2025, that two of the given reasons for his termination were: 1) that work has been slow and 2) "they mentioned something about your injury."

43.     The reasons provided for Plaintiff's termination are completely pretextual, and the termination was clearly retaliatory, as:

a.  Upon information and belief, the day immediately after Plaintiff's termination, Defendant held interviews for new candidates to fill Plaintiff's position;

b.  Defendant terminated Plaintiff in very close temporal proximity to Plaintiff's disability disclosure and notification of a need for anticipated medical leave (a reasonable accommodation under the ADA);

c.  Defendant terminated Plaintiff in very close temporal proximity to the time that he filed his WC claim;

d.  Between the time that he sustained a work-related injury and disclosed he had a disability and would need leave for the same, Defendant's management treated Plaintiff with significant hostility, including but not limited to dismissing his injury/disability, questioning whether his injury/disability was real and discouraging him from filing a WC claim; and

e.  Shortly after Plaintiff's termination, Defendant posted a sign at the warehouse that said: "Attention Employees: Worker's Comp and Unemployment will increase

6

payroll tax" – which shows clear hostility towards those who file worker's compensation claims.

44.    Based on the foregoing, Plaintiff believes and avers that he was terminated for discriminatory and retaliatory reasons in violation of federal and state law.

**First Cause of Action**
**Violations of the Americans with Disabilities Act, as amended ("ADA")**
**([1] Actual/Perceived/Record of Disability Discrimination;[2] Retaliation;**
**[3] Failure to Accommodate [4] Hostile Work Environment)**

45.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

46.    Plaintiff was subjected to a hostile work environment through discriminatory comments about his disability and other hostile behaviors because of his [1] actual disability; [2] perceived disability; [3] record of disability; and/or [4] requested accommodations.

47.    Plaintiff's actual, perceived and/or record of disability was a motivating or determinative factor in Defendant's decision to terminate Plaintiff from his employment with Defendant.

48.    Plaintiff also believes and avers that Defendant terminated him in retaliation for engaging in protected activity, including requesting reasonable accommodations under the ADA.

49.    Lastly, Plaintiff believes and avers that Defendant failed to accommodate his disability by, including but not limited to, terminating his employment to avoid having to provide him with a medical leave of absence to undergo and recover from surgery.

50.    These actions as aforesaid constitute violations of the ADA, as amended.

**Second Cause of Action**
**Common-Law Wrongful Discharge**
**(Retaliation)**

51. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

52. Upon information and belief, Plaintiff was terminated in substantial part for making a claim for workers' compensation benefits and/or seeking workers' compensation benefits and/or for his work-related injuries (as discussed *supra*).

53. It is against Pennsylvania's public policy for an employee to be terminated for making a workers' compensation claim and/or seeking workers' compensation benefits. These actions as aforesaid constitute wrongful termination in Pennsylvania. *See Shick v. Shirey,* 552 Pa. 590, 716 A.2d 1231 (1997); *Rothrock v. Rothrock Motor Sales, Inc*., 584 Pa. 297, 883 A.2d 511, 516 (2005).

54. The mere temporal proximity between when Plaintiff's sought workers' compensation benefits and his termination creates an inference that his termination was in retaliation for making such a claim.

55. Additionally, the exhibited hostility from Defendant's management after Plaintiff made them aware that he was pursuing workers' compensation benefits and/or filed a claim for workers' compensation creates an inference that his termination was in retaliation for making such a claim and/or seeking such benefits.

56. These actions as aforesaid constitute wrongful termination in Pennsylvania.

8

**Third Cause of Action**
**Family and Medical Leave Act ("FMLA")**
**([1] Retaliation; [2] Interference)**

57.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

58.     Plaintiff gave Defendant notice of his injury and imminent need for an approximate 6–12 week medical leave to treat and care for his serious health condition.

59.     Plaintiff had at least 1,250 hours of service with the Defendant during his last full year of employment (prior to notifying Defendant of his imminent need or medical leave).

60.     Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

61.     Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i)

62.     Defendant is subject to the terms of the FMLA for its FMLA-eligible employees.

63.     Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave.

64.     Defendant was aware that Plaintiff was going to avail himself of FMLA benefits. Defendant committed interference and retaliation violations of the FMLA by, *inter alia*: (1) by taking actions towards Plaintiff that would dissuade a reasonable person from exercising his rights under the FMLA; (2) considering Plaintiff's FMLA needs in making the decision to terminate him; (3) terminating Plaintiff's employment in retaliation for requesting and/or utilizing FMLA leave; and/or (4) terminating Plaintiff in order to avoid having to provide him with FMLA-qualifying leave.

65.    These actions as aforesaid constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

B.    Plaintiff is to be awarded punitive and/or liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant and other employers from engaging in such misconduct in the future;

C.    Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress/pain and suffering); and

D.    Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

E.    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

F.    Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: April 24, 2026

11

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Luis Morales | : | CIVIL ACTION |
| v. | : | |
| Chaes Food, LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
 and Human Services denying plaintiff Social Security Benefits.                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
 exposure to asbestos.                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
 commonly referred to as complex and that need special or intense management by
 the court. (See reverse side of this form for a detailed explanation of special
 management cases.)                ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (x )

| 4/24/2026 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: <u>Defendants place of business</u>

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?                                   Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?   Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same   Yes ☐
   individual?

5. Is this case related to an earlier numbered suit even though none of the above categories apply?   Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____
  _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| **I. (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| MORALES, LUIS | CHAES FOOD, LLC |

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury<br>[ ] 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>[ ] 365 Personal Injury - Product Liability<br>[ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 690 Other | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br>**INTELLECTUAL PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 835 Patent – Abbreviated New Drug Application<br>[ ] 840 Trademark<br>[ ] 880 Defend Trade Secrets Act of 2016 | [ ] 375 False Claims Act<br>[ ] 376 Qui Tam (31 USC 3729(a))<br>[ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit (15 USC 1681 or 1692)<br>[ ] 485 Telephone Consumer Protection Act<br>[ ] 490 Cable/Sat TV<br>[ ] 850 Securities/Commodities/ Exchange<br>[ ] 890 Other Statutory Actions<br>[ ] 891 Agricultural Acts<br>[ ] 893 Environmental Matters<br>[ ] 895 Freedom of Information Act<br>[ ] 896 Arbitration<br>[ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>[ ] 950 Constitutionality of State Statutes |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** |
| [ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | [ ] 440 Other Civil Rights<br>[ ] 441 Voting<br>[ ] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[X] 445 Amer. w/Disabilities - Employment<br>[ ] 446 Amer. w/Disabilities - Other<br>[ ] 448 Education | **Habeas Corpus:**<br>[ ] 463 Alien Detainee<br>[ ] 510 Motions to Vacate Sentence<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>**Other:**<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition<br>[ ] 560 Civil Detainee - Conditions of Confinement | [ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Management Relations<br>[ ] 740 Railway Labor Act<br>[ ] 751 Family and Medical Leave Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>[ ] 462 Naturalization Application<br>[ ] 465 Other Immigration Actions | [ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101)

Brief description of cause:
Violations of the ADA and the PFPO.

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE   4/24/2026      SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____